IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUDY HAISTEN and DAVID HAISTEN | Nos. 16-cr-461-1, 2 |

**PAPPERT, J.**                                                                                        February 2, 2021

# MEMORANDUM

In October of 2017, a jury convicted Judy and David Haisten of conspiracy, distributing an unregistered and misbranded pesticide, delivering misbranded animal drugs and trafficking in counterfeit goods. (Jury Verdict Form, ECF No. 63.) The Court sentenced Judy Haisten to sixty months' imprisonment and David Haisten to seventy-eight moths' imprisonment. (Min. Entries, ECF Nos. 90 & 91.) The Haistens timely appealed their convictions, which the Third Circuit Court of Appeals affirmed. *See United States v. Haisten*, 790 F. App'x 374 (3d Cir. 2019) (unpublished). They then moved for a new trial on the trafficking-in-counterfeit-goods charges, an evidentiary hearing, appointment of counsel and bail pending the new trial. *See* (Omnibus Mots., ECF nos. 115 & 116). The Court rejected that motion in full.

Now the Haistens move *pro se* to vacate their convictions under 28 U.S.C. § 2255. (Joint Motion, ECF No. 135.) They argue their respective trial counsel were ineffective for failing to: (1) argue improper venue; (2) seek an entrapment jury instruction; and (3) call Dylan Goff, Esq. as a witness. (*Id.* at 5.) They argue their appellate counsel was ineffective for failing to file a timely Rule 33 motion arguing improper venue. (*Id.*) For

1

the following reasons, the Haistens' Joint Motion is denied and no certificate of appealability shall issue.

I

28 U.S.C. § 2255 permits a prisoner sentenced by a federal court to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). The petitioner bears the burden of proving entitlement to relief under § 2255. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Further, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *See United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

A district court has discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. *See Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). A district court may summarily deny a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992)). That is the case here.

II

A defendant claiming to have been denied effective assistance must first show that counsel performed deficiently. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This requires showing errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In other words, this element is satisfied if "counsel's performance fell outside the bounds of competent representation." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). The defendant must also show that counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. To show prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Buck*, 137 S. Ct. at 776 (quoting *Strickland*, 466 U.S. at 694). The Haistens establish neither error nor prejudice.

A

The Haistens argue their lawyers were ineffective for failing to challenge venue in pretrial motions or in a motion for judgment of acquittal. In support, they say there was no "conspiracy or business transactions started, continued, or ended in the Eastern District of Pennsylvania." (ECF 135 at 6.) They clarify in their counseled Reply that they raise this claim only regarding the trafficking-in-counterfeit-goods charges. (Joint Reply 6, ECF No. 144.) As to those charges, the Haistens say the Government failed to establish proper venue in the Eastern District of Pennsylvania for the sale of counterfeit DVDs and that their trial counsel were ineffective for not contesting that point.

In criminal cases, "the Government bears the burden of proving venue by a preponderance of the evidence and venue must be proper for each count of the indictment." *United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009) (citing *United States v. Perez*, 280 F.3d 318, 328–30 (3d Cir. 2002)). And "[p]roper venue in criminal

3

trials is more than just a procedural requirement; it is a constitutionally guaranteed safeguard." *Id.* (citing *United States v. Baxter*, 884 F.2d 734, 736 (3d Cir. 1989)). So to maintain an ineffective assistance of counsel claim for failure to challenge venue, the Haistens must show that the Government failed to present evidence sufficient to prove proper venue by a preponderance of the evidence. They do not, so their claims fail.

At trial, the Government presented evidence showing that, although the Haistens may have operated their counterfeit DVD scheme from South Carolina, they shipped the DVDs throughout the United States, including into the Eastern District of Pennsylvania. *See, e.g.*, (Gov't Trial Exhibit 57, Lines 728, 1142, 1310, 1326, 1337) (showing DVD sales to addresses in this district). That evidence clearly established proper venue in this district for the trafficking-in-counterfeit-goods charges. *See* 18 U.S.C. § 3237(a) (An offense committed in multiple districts "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."). Any attempt to challenge venue would have been futile. Accordingly, their ineffective assistance of counsel claim fails.

B

Next, the Haistens claim their lawyers were ineffective for not seeking to have the jurors instructed on entrapment with respect to Counts 3 through 5, which charged violations of the Federal Insecticide, Fungicide and Rodenticide Act. They argue they were entitled to such an instruction because the Government induced controlled buys in the Eastern District of Pennsylvania and failed to prove that the Haistens were predisposed to selling counterfeit goods in the district. (Joint Motion at 8.) By framing the claim this way, the Haistens appear to advance a "venue entrapment" or

4

"manufactured venue" claim, a concept several circuits have rejected. *See, e.g.*, *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462 (7th Cir. 2006) ("[A]gents may influence where the federal crime occurs, and thus where venue lies, as well as whether the crime comes under federal rather than state law. The entrapment doctrine protects the defendant against manufactured offenses (unless the defendant is predisposed); it does not limit venue.") The Third Circuit has never recognized the validity of venue entrapment, so the Haistens' attorneys could not have been ineffective for failing to seek a jury instruction on that issue. *See Fountain v. Kyler*, 420 F.3d 267, 277 (3d Cir. 2005) (counsel not ineffective for failing to predict future developments in the law).

To the extent the Haistens allege their lawyers were ineffective for failing to seek an entrapment instruction apart from venue, that argument fails too. To establish an entrapment defense, a defendant must show government inducement of the crime and a lack of predisposition to commit the crime. *Matthews v. United States*, 485 U.S. 58, 62–63 (1988). At trial, the Government presented evidence of three controlled buys and hundreds of interstate sales of illegal products. (Gov't Resp. 6, ECF No. 140.) Even if the Haistens somehow showed Government inducement, they could not establish an absence of predisposition—their willingness to ship millions of dollars of illegal products throughout the United States would belie any such claim.

C

The Haistens also argue their trial counsel were ineffective for failing to call as a witness Dylan Goff, a lawyer they consulted during their illegal scheme, an argument the Haistens have raised a number of times before. They allege again that Goff "would have testified that Mr. Haisten consulted with him on the matter of reselling pet

supplies and told him his business was legal. The Petitioners would have been found not guilty." (Joint Mot. at 9.) Even assuming this advice-of-counsel defense were available,[1] David Haisten's own testimony vitiates the argument. At trial, David Haisten "testified that [Goff] informed the Haistens that the EPA could 'make . . . trouble' for them and recommended that they sell the flea kits in 'whole box[es]' to comply with the relevant law, [ ] and [he] argued during summation that he 'pa[id] [Goff] $5,000' to receive advice about [ ] cease-and-desist letters and that the lawyer said it was 'debatable' that the sale of the flea and tick kits was illegal." *Haisten*, 790 F. App'x at 378 n.4 (citations omitted). Even if they could somehow establish that failing to call Goff was error, the Haistens cannot establish that they were prejudiced by counsels' decisions not to do so.

D

Finally, the Haistens argue their appellate counsel was ineffective for failing to pursue improper venue claims in a timely Rule 33 motion. (Joint Mot. at 9–10.) This argument fails for the same reasons discussed above regarding venue.

III

When a district court denies a § 2255 motion, a petitioner may only appeal if the district court grants a certificate of appealability. 28 U.S.C. § 2253. Because the Haistens have not made a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the dispositions of his claims, no certificate of

---

[1] The advice-of-counsel defense is available only for specific intent crimes, not crimes of general intent. *See Haistens*, 790 F. App'x at 377 n.3. The Haistens do not argue or establish that any of their offenses were crimes of specific intent.

6

appealability shall issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    An appropriate order follows.

                                                              BY THE COURT:

                                                              */s/ Gerald J. Pappert*
                                                              GERALD J. PAPPERT, J.